623 S.E.2d 640

**In the Matter of O. Allen ALEXANDER, Respondent.**

**No. 26079.**

Supreme Court of South Carolina.

Submitted Oct. 11, 2005.

Decided Dec. 12, 2005.

---

2. On February 21, 2003, respondent was placed on interim suspension. *In the Matter of Dunn,* 364 S.C. 292, 613 S.E.2d 754 (2003).

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

O. Allen Alexander, of Columbia, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to either a definite suspension not to exceed two years or an indefinite suspension. We accept the Agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

In October 2003, a client retained respondent to initiate post-divorce litigation. The client advised respondent that her ex-husband travels frequently out of the country and she made respondent aware of his travel schedule. The client expressed concern regarding her ex-husband's instability and her own safety. Despite apparent opportunities, the client's ex-husband had not been served at the time the client filed her complaint on July 28, 2004.

### Matter II

In February 2004, respondent ordered a transcript from a court reporter. The court reporter sent respondent more than ten statements requesting payment. As of the date of the Agreement, respondent had not paid the court reporter.

## *Matter III*

Clients retained respondent to assist with a property damage claim on their automobile. Respondent accepted the settlement check on the condition he would send the insurance company title to the automobile. Respondent disbursed the monies but never sent the title.

## *Matter IV*

Respondent was retained to proceed in a collection matter. Respondent accepted approximately $1,125.00 in fees and costs and then ignored all inquires by the client and has not completed his services to the client.

## *Matter V*

A couple retained respondent to represent them in regard to a non-disclosure issue in a real estate transaction. Respondent accepted a retainer of approximately $2,030.00 but failed to complete the services and subsequently refused all contact with the couple. The couple filed a claim with the Resolution of Fee Disputes Board which awarded them $1,530.00. Respondent failed to refund the unearned fee as awarded.

## *Matter VI*

A circuit court judge reported respondent had failed to appear in his court for several matters even though he had been scheduled and notified to appear. Respondent's failures to appear were to the detriment of his clients. All of the judge's attempts to contact respondent about his failure to appear were unsuccessful.

---

Respondent has fully cooperated with ODC in connection with these matters.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent

representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.5 (lawyer's fee shall be reasonable); Rule 1.15 (lawyer shall promptly deliver any fees or property that a client or third person is entitled to receive); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).[1] In addition, respondent admits his misconduct constitutes grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate the Rules of Professional Conduct), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice), Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken upon admission to practice law in this state), and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of the Resolution of Fee Disputes Board).

## CONCLUSION

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. ODC shall 1) determine the amount of restitution owed to respondent's clients and others who have been harmed as a result of respondent's misconduct and 2) institute a meaningful restitution plan. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

complied with Rule 30, RLDE, Rule 413, SCACR.[2]

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

2. The parties agreed to the appointment of an attorney to protect respondent's clients' interests. By separate order, the Court will appoint an attorney to protect respondent's clients' interests.